IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DEANDRE JAQUAN GORDON** )  | |
| Plaintiff, ) | Civil Action No. 7:23cv00197 |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **C/O STUMPF, et al.,** ) | By:  Robert S. Ballou |
| Defendants. ) | United States District Judge |

Deandre Jaquan Gordon, a Virginia inmate, has filed an action under 42 U.S.C. § 1983 against the defendants alleging excessive use of force.  He has also filed a motion for a temporary restraining order against numerous correctional officers prohibiting them from retaliating against him for pursuing civil litigation, alleging that he is in fear for his life.  For the reasons set forth below, the court must deny Gordon's motion in its current form.

Preliminary injunctive relief is an extraordinary remedy that courts should grant only sparingly.  *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991).  The party seeking a temporary restraining order or preliminary injunction must clearly show: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008).  The court may grant a temporary restraining order, without prior notice to the adverse party, only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).

Gordon's motion fails in three ways: (1) he seeks preliminary injunctive relief against persons who are not defendants in this suit and therefore not before the court; (2) his letter

requesting injunctive relief is not a verified complaint or affidavit; (3) even if the letter were an affidavit, it fails to state facts clearly showing that he is likely to suffer irreparable harm in the immediate future.

Several corrections officers listed in Gordon's motion for a temporary restraining order are not named defendants in this case and thus are not before the court or subject to its jurisdiction. Accordingly, they would not be bound by an order entered against them. *See* Fed. R. Civ. P. 65(d)(2) (identifying who may be bound by an injunction or restraining order).

Gordon's letter, which is neither an affidavit nor a verified complaint as required by Rule 65(b)(1)(A), asserts fear of retaliation against him based on the May 2022 conduct alleged in his Complaint, essentially that he is afraid it will happen again. Further, even though he has been moved to Wallen's Ridge, a different prison facility from the one where his alleged cause of action transpired, Gordon states that some unidentified people "who worked at Red Onion at the time of the incident" now work at Wallen's Ridge. Gordon also alleges that he has experienced retaliation at Wallen's Ridge by staff who "know who [he is]", but he has not stated how he has been retaliated against nor any specific facts upon which his current fears for his life are based. Without such specific factual details, Gordon fails to show a likelihood of imminent physical harm as required by *Winter*.

For the reasons stated, it is hereby **ORDERED** that Gordon's motion for a temporary restraining order (ECF No. 4) is **DENIED**. The Clerk is directed to mail a copy of this order to Mr. Gordon.

Enter: June 11, 2023

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge